IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DANIELLE HOLM and** | ) |
| **ANDREW SWINKUNAS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) No. |
| | ) |
| **CRAZY CRAB CORPORATION, d/b/a** | ) |
| **CRAZY CRAB, JIAN LIANG, and** | ) |
| **MICHAEL SHALITIS,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiffs Danielle Holm and Andrew Swinkunas, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), and the Illinois Wage Payment Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), complain of defendants Crazy Crab Corporation, d/b/a Crazy Crab, Jian Liang, and Michael Shalitis, for illegally withholding portions of plaintiffs' compensation, and keeping it for themselves.

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1367(a)(supplemental jurisdiction); and 29 U.S.C. § 216(b)(FLSA).

2. Venue in this district is proper under 28 U.S.C. § 1391(b), because all the defendants reside in this district, and the events giving rise to this action occurred in this district; and under 29 U.S.C. § 216(b)(FLSA).

## Parties

3. Plaintiffs Holm and Swinkunas are former employees of defendant Crazy Crab Corporation.

4. Defendant Crazy Crab Corporation operates a restaurant under the name "Crazy Crab" in Streamwood, Cook County, Illinois.

5. Defendant Liang is an owner of Crazy Crab Corporation.

6. Defendant Shalitis at all times relevant was the general manager of the Crazy Crab restaurant.

## Defendants Stole A Large Portion Of Plaintiffs' Tips

7. Holm worked at Crazy Crab as a server from August 2018 to March 2020.

8. Swinkunas worked at Crazy Crab as a server from December 2018 to March 2020.

9. Crazy Crab paid each plaintiff the minimum hourly wage prescribed by the IMWL for employees who were subject to a "tip credit," the amount of an employee's actual tips that an employer can count toward its minimum wage obligation.

10. Crazy Crab kept a portion of plaintiffs' tips, claiming that the money would be shared with the restaurant's cooks.

11. Plaintiffs were advised by the cooks that they did not receive any money from the tips kept by Crazy Crab.

12. While the FLSA and the IMWL permit an employer to require employees who normally receive tips to share them in a "tip pool," to be distributed among such employees, those laws do not permit cooks to participate, and they especially forbid an employer from keeping any portion of an employee's tips for itself.

13. Initially, Shalitis told plaintiffs that three to five percent of total tips were to be shared with cooks. However, Crazy Crab actually deducted three to three and a half percent of total sales from servers' tips.

14. The deductions were not being shared with the cooks, and therefore Crazy Crab, its owner Liang and its manager Shalitis kept the money they stole from plaintiffs.

**Count 1 – By Holm**
**Against All Defendants**
**Fair Labor Standards Act**

Paragraphs 1 through 14 are incorporated by reference.

15. Under the FLSA, tips are the property of the employee, and an employer may not use an employee's tips for any reason other than as a credit against its minimum wage obligation, or in furtherance of a valid tip pool.

16. A tip pool may not include employees who do not customarily and regularly receive tips, such as cooks.

17. Each plaintiff was an employee of Crazy Crab, their employer, under the FLSA. 29 U.S.C. § 203.

18. The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d), and an employee may report to multiple employers.

19. Liang and Shalitis each: (1) had the power to hire and fire plaintiffs; (2) supervised and controlled employee work schedules and conditions of employment; (3) determined the rate and method of paying plaintiffs' compensation; and (4) maintained plaintiffs' employment records.

20. Liang and Shalitis, in addition to Crazy Crab, were plaintiffs' employers under the FLSA.

21. Crazy Crab, Liang and Shalitis violated the FLSA by keeping a portion of plaintiffs' tips.

22. By violating the FLSA tip credit requirements, defendants forfeited their rate to deduct the tip credit from plaintiffs' hourly pay.

23. Defendants' violation of the FLSA was willful.

24. As the direct result of defendants' violation of the FLSA, Holm was injured in the form of lost compensation.

### Count 2 – By Swinkunas
### Against All Defendants
### Fair Labor Standards Act

Paragraphs 1 through 14 are incorporated by reference.

25. Under the FLSA, tips are the property of the employee, and an employer may not use an employee's tips for any reason other than as a credit against its minimum wage obligation, or in furtherance of a valid tip pool.

26. A tip pool may not include employees who do not customarily and regularly receive tips, such as cooks.

27. Each plaintiff was an employee of Crazy Crab, their employer, under the FLSA. 29 U.S.C. § 203.

28. The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d), and an employee may report to multiple employers.

29. Liang and Shalitis each: (1) had the power to hire and fire plaintiffs;

(2) supervised and controlled employee work schedules and conditions of employment;

(3) determined the rate and method of paying plaintiffs' compensation; and (4) maintained plaintiffs' employment records.

30. Liang and Shalitis, in addition to Crazy Crab, were plaintiffs' employers under the FLSA.

31. Crazy Crab, Liang and Shalitis violated the FLSA by keeping a portion of plaintiffs' tips.

32. By violating the FLSA tip credit requirements, defendants forfeited their rate to deduct the tip credit from plaintiffs' hourly pay.

33. Defendants' violation of the FLSA was willful.

34. As the direct result of defendants' violation of the FLSA, Swinkunas was injured in the form of lost compensation.

### Count 3 – By Holm
### Against All Defendants
### Illinois Minimum Wage Law

Paragraphs 1 through 14 are incorporated by reference.

35. Under the IMWL, tips are the property of the employee, and an employer cannot take any part of an employee's tips.

36. Each plaintiff was an employee of Crazy Crab, their employer, under the IMWL. 820 ILCS 105/3.

37. The IMWL definition of an employer includes "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." 820 ILCS 105/3(c).

38. Liang and Shalitis each: (1) had the power to hire and fire plaintiffs;

(2) supervised and controlled employee work schedules and conditions of employment;

(3) determined the rate and method of paying plaintiffs' compensation; and (4) maintained plaintiffs' employment records.

39. Liang and Shalitis, in addition to Crazy Crab, were plaintiffs' employers under the IMWL.

40. Crazy Crab, Liang and Shalitis violated the IMWL by keeping a portion of plaintiffs' tips. By violating the IMWL tip credit requirements, defendants forfeited their rate to deduct the tip credit from plaintiffs' hourly pay.

41. Defendants' violation of the IMWL was willful.

42. As the direct result of defendants' violation of the FLSA, Holm was injured in the form of lost compensation.

### Count 4 – By Swinkunas
### Against All Defendants
### Illinois Minimum Wage Law

Paragraphs 1 through 14 are incorporated by reference.

43. Under the IMWL, tips are the property of the employee, and an employer cannot take any part of an employee's tips.

44. Each plaintiff was an employee of Crazy Crab, their employer, under the IMWL. 820 ILCS 105/3.

45. The IMWL definition of an employer includes "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." 820 ILCS 105/3(c).

46. Liang and Shalitis each: (1) had the power to hire and fire plaintiffs;

(2) supervised and controlled employee work schedules and conditions of employment;

(3) determined the rate and method of paying plaintiffs' compensation; and (4) maintained plaintiffs' employment records.

47. Liang and Shalitis, in addition to Crazy Crab, were plaintiffs' employers under the IMWL.

48. Crazy Crab, Liang and Shalitis violated the IMWL by keeping a portion of plaintiffs' tips. By violating the IMWL tip credit requirements, defendants forfeited their rate to deduct the tip credit from plaintiffs' hourly pay.

49. Defendants' violation of the IMWL was willful.

50. As the direct result of defendants' violation of the FLSA, Swinkunas was injured in the form of lost compensation.

**Count 5 – By Holm
Against All Defendants
Illinois Wage Payment and Collection Act**

Paragraphs 1 through 14 are incorporated by reference.

51. The IWPCA provides that tips are the property of the employees, employers shall not keep tips, and that an employer's failure to pay tips owed to an employee more than thirteen days after the end of a pay period violates the Act. 820 ILCS 115/4.1(a).

52. Each plaintiff was an employee of Crazy Crab, their employer, under the IWPCA. 820 ILCS 115/2.

53. The IWPCA definition of an employer includes "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." *Id.*

54. Further the IWPCA provides that, "In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13.

55. Liang and Shalitis each: (1) had the power to hire and fire plaintiffs;

(2) supervised and controlled employee work schedules and conditions of employment;

(3) determined the rate and method of paying plaintiffs' compensation; and (4) maintained plaintiffs' employment records.

56. Liang and Shalitis, in addition to Crazy Crab, were plaintiffs' employers under the FLSA.

57. Crazy Crab, Liang and Shalitis violated the IWPCA by keeping a portion of plaintiffs' tips.

58. As the direct result of defendants' violation of the IWPCA, Holm was injured in the form of lost compensation.

### Count 6 – By Swinkunas
### Against All Defendants
### Illinois Wage Payment and Collection Act

Paragraphs 1 through 14 are incorporated by reference.

59. The IWPCA provides that tips are the property of the employees, employers shall not keep tips, and that an employer's failure to pay tips owed to an employee more than thirteen days after the end of a pay period violates the Act. 820 ILCS 115/4.1(a).

60. Each plaintiff was an employee of Crazy Crab, their employer, under the IWPCA. 820 ILCS 115/2.

61. The IWPCA definition of an employer includes "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." *Id.*

62. Further the IWPCA provides that, "In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13.

63. Liang and Shalitis each: (1) had the power to hire and fire plaintiffs;

(2) supervised and controlled employee work schedules and conditions of employment;

(3) determined the rate and method of paying plaintiffs' compensation; and (4) maintained plaintiffs' employment records.

64. Liang and Shalitis, in addition to Crazy Crab, were plaintiffs' employers under the FLSA.

65. Crazy Crab, Liang and Shalitis violated the IWPCA by keeping a portion of plaintiffs' tips.

66. As the direct result of defendants' violation of the IWPCA, Swinkunas was injured in the form of lost compensation.

Wherefore, plaintiffs Danielle Holm, and Andrew Swinkunas each seek judgment in their favor against defendants Crazy Crab Corporation, Jiang Liang, and Michael Shalitis, individually and jointly, and request the Court to order relief for plaintiffs in the form of:

A. Lost wages in the amount of tips illegally deducted from their pay;

B. Lost wages in the amount of the difference between the then-current minimum wage and tipped employee minimum wage under the Illinois Minimum Wage Law;

C. Liquidated damages equal to the amount of tips illegally deducted from their pay plus the difference between the then-current minimum wage and tipped employee minimum wage under the Fair Labor Standards Act;

D. Interest on all amounts owed under the Illinois Minimum Wage Law and under the Illinois Wage Payment Collection Act from the date such amounts were due to plaintiffs until judgment, at the rate of 2% per month until February 18, 2019, and at the rate of 5% per month thereafter;

E. Plaintiffs' attorneys' fees; and

F. The costs of this action.

*s/ Andrew H. Haber*_____
One of Plaintiffs' Attorneys

Dennis R. Favaro
*dfavaro@favarogorman.com*
Patrick J. Gorman
*pgorman@favarogorman.com*
Andrew H. Haber
*ahaber@favarogorman.com*
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014
(815) 477-1110